UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

U.S. BANK, NATIONAL ASSOCIATION,
N.D. d/b/a Elan Financial Services,

    Plaintiff,

v.                                                 Case No. 8:10-cv-2445-T-24 MAP

PROFESSIONAL STAFFING-A.B.T.S.,
INC., d/b/a Able Body Labor,

    Defendant.
_____/

## **ORDER**

This cause comes before the Court on Plaintiff's Motion for Attorney Fees. (Doc. No. 48). As explained below, the motion is granted in part.

**I. Background**

On November 2, 2010, Plaintiff filed this lawsuit against Defendant. In the complaint, Plaintiff alleged that Defendant used a credit card issued by Plaintiff and failed to repay the outstanding balance. Plaintiff further alleged that as of October 1, 2010, the outstanding balance was $650,169.88. Therefore, Plaintiff asserted six claims against Defendant: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) fraud in the inducement, (4) fraudulent transfer, (5) civil conspiracy, and (6) unjust enrichment.

While Defendant corporation was initially represented by counsel, counsel later withdrew, and Defendant was directed to obtain new counsel. Defendant failed to do so, and Plaintiff moved for entry of default. The Clerk entered default against Defendant, and thereafter, Plaintiff moved for default judgment.

The Court granted the motion for default judgment, finding that Defendant is deemed to

have admitted that it owes Plaintiff the outstanding balance of $650,169.88. Furthermore, the Court concluded that the credit card agreement provides that Plaintiff is entitled to its attorneys' fees and other expenses incurred in collecting the amount owed by Defendant. As a result, the Court found that Plaintiff was entitled to default judgment in the amount of $650,169.88, plus attorneys' fees, costs, and post-judgment interest. The Court directed Plaintiff to file a motion for attorneys' fees, which is now before the Court.

## II. Motion for Attorneys' Fees

In the instant motion, Plaintiff seeks $40,583.39 in attorneys' fees for work performed by six attorneys and three paralegals. Before awarding attorneys' fees, the Court must determine if the amount requested is reasonable.

The starting point in determining reasonable attorneys' fees is the lodestar, which is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate. Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988)(citation omitted). Furthermore, "[t]he fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Id. at 1303 (citation omitted).

A reasonable hourly rate is based upon "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Id. at 1299 (citations omitted). An applicant may meet its burden of establishing a reasonably hourly rate by setting forth direct evidence of rates charged under similar circumstances or submitting opinion evidence of reasonable rates. See id. In addition, the Court may use its own expertise and judgment to make an appropriate independent assessment of the

reasonable value of an attorney's services. See id. at 1304.  In calculating what hours were reasonably expended on litigation, the court should exclude excessive, unnecessary, and redundant hours, and it should also exclude any time spent litigating discrete and unsuccessful claims.  See id. at 1301, 1302 (citation omitted).

Plaintiff's request for attorneys' fees is based upon the following attorneys' billing rates and hours expended on this case: (1) Attorney Powers worked 7.3 hours on the case, and her hourly billing rate was $358.75 per hour; (2) Attorney Lozano worked 40.8 hours on the case, and her hourly billing rate was $291.96 per hour; (3) Attorney Reck worked .3 hours on the case, and his hourly billing rate was $411.23 per hour; (4) Attorney Cargill worked 37 hours on the case, and his hourly billing rate was $337.39 per hour; (5) Attorney Adams worked 27.8 hours on the case, and her hourly billing rate was $421.72 per hour; (6) Attorney Hamilton worked .4 hours on the case, and his hourly billing rate was $437.50 per hour; (7) Paralegal Hall worked 1.6 hours on the case, and her hourly billing rate was $175 per hour; (8) Paralegal Gray worked .8 hours on the case, and her hourly billing rate was $166.25 per hour; and (9) Paralegal Scott worked 2.1 hours on the case, and her hourly billing rate was $171.67 per hour.  Upon review of the amount of time expended by each attorney and the supporting billing records, the Court finds that the hours billed were reasonable.  However, the Court finds that based on its own expertise and judgment, their reasonable hourly rate should be reduced to reflect the prevailing market rate in the relevant legal community for similar services by lawyers and paralegals of reasonably comparable skills, experience, and reputation.

Specifically, Attorneys Powers and Cargill have been practicing for six years.  The Court finds that their reasonable hourly rate should be reduced to $280 per hour.

Attorneys Reck and Adams have been practicing for ten years. The Court finds that their reasonable hourly rate should be reduced to $325 per hour.

Attorney Lozano has been practicing for two years. The Court finds that her reasonable hourly rate should be reduced to $225 per hour.

Attorney Hamilton has been practicing for twenty-three years. The Court finds that his reasonable hourly rate should be reduced to $350 per hour.

Paralegal Hall has sixteen years of experience, and the Court finds that her hourly rate should be reduced to $125. Likewise, Paralegal Gray has twenty-two years of experience, and the Court finds that her hourly rate should be reduced to $150. Finally, Paralegal Scott has ten years of experience, and the Court finds that her hourly rate should be reduced to $100.

Accordingly, the Court finds that the amount of attorneys' fees requested should be reduced to $31,386.50 based on the following hourly rates and hours expended:

| Attorney/ Paralegal | Reasonable Hourly Rate | Hours Reasonably Expended | Amount of Attorneys' Fees to Be Awarded |
|---|---|---|---|
| Powers | $280 | 7.3 | $2,044 |
| Lozano | $225 | 40.8 | $9,180 |
| Reck | $325 | .3 | $97.50 |
| Cargill | $280 | 37 | $10,360 |
| Adams | $325 | 27.8 | $9,035 |
| Hamilton | $350 | .4 | $140 |
| Hall | $125 | 1.6 | $200 |
| Gray | $150 | .8 | $120 |
| Scott | $100 | 2.1 | $210 |
| **TOTAL** | | **118.1** | **$31,386.50** |

**III.  Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion for Attorneys' Fees (Doc. No. 48) is **GRANTED TO THE EXTENT THAT** Plaintiff is awarded $31,386.50 in attorneys' fees.

**DONE AND ORDERED** at Tampa, Florida, this 9th day of December, 2011.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record